5-09-0535. And, Ms. Camden, it looks like you've run off the opposition for arguments today, so you may proceed. Thank you, Your Honor. May it please the Court, I'm here to address just a couple of points in the reply brief and, of course, to answer any questions that the Court might have. In pages 1 and 2 of the reply brief, the defendant attempts to distinguish People v. Schwartz, a case cited by the People for the proposition that has held true in Illinois as throughout the country that a defendant, by virtue of amnesia or alcoholic blackout, cannot remember committing the crime, may nonetheless be mentally fit to stand trial. What I want to point out is that the portion of Schwartz to which the defendant refers in the reply addresses a separate due process issue raised by the defendant in that case. However, the defendant in this case does not raise such an issue, only raising the issue of whether the fitness jury's verdict was supported by the evidence or against the manifest weight of the evidence. As the People's Answer Brief establishes, the jury's verdict was supported by the evidence, specifically by Dr. Paneo's testimony. In issue 2, the issue is whether the trial court was within its discretion in admitting the emergency room blood test results of the defendant. Now, the admissibility of these tests is governed by statute, which sets forth a couple of factors that the state must prove. And where the people and the defendant disagree is whether this statutory enumeration of factors is complete or whether a 1998 appellate court case, People v. Locke, establishes a separate and unenumerated factor, unenumerated in the statute, that the state, in addition to these statutory factors, must prove that additional reasonably protective measures have been taken to ensure the reliability of the test results. However, the case upon which the defendant relies as support for his proposition, People v. Locke, itself disproves his argument. Locke states that, quote, by complying with the statute, the state demonstrates that reasonably protective measures have been taken. Locke states, quote, compliance with section 11-501.4 is sufficient in and of itself to establish the admissibility of blood test results. I also want to point out that in the reply briefing, page 5, the defendant cites a case, People v. Miller, that has been, that subsequent Illinois appellate courts have declined to follow because it was statutorily superseded by section 11-501.4 itself. Finally, in issue 3, the issue is whether the trial court abused its discretion in granting the state's motion to reopen the case to establish the And what I want to point out is that the reply brief at page 7 makes a new point that was not raised in the defendant's opening brief, namely claiming harm to the defendant from her counsel's decision to move for a directed verdict on the theory that Kind of a catch-22, isn't it? You find a flaw in the state's case, you move for a directed verdict, and the judge says, okay, we'll reopen the case and let them prove that point. So do you not move for the directed verdict, or do you? Right. And the defendant's point that defense counsel should not have done this was a theory raised in Justice Keene's special concurrence in this court's opinion in People v. Bennett. And what I want to point out is that a majority of this court, in an opinion written by Justice Welch, in which Justice Goldenherz joined, rejected that view, finding that it would encourage gamesmanship and serve as an impediment to the true purpose of a trial, which is to search for truth and justice. I take it the record here would reflect that the state moved to reopen. Yes, Your Honor. This didn't come from the judge. I mean, when it came up, the state said, we move to reopen the case, and then the judge acted on that motion. Yes, Your Honor, that's exactly true. And that is the crucial distinction in the cases in which an abuse of discretion has been found. The judge has abandoned his role as a neutral arbiter and is serving as an advocate for one side or the other. In this case, the record reflects that that did not occur. That concludes the end of my prepared remarks, unless there are questions from the court. Thank you, Ms. Candid. All right, we'll take another People v. Jackson under advisement and issue our decision.